Slip Op. 11-84

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | | |
|---|---|---|---|
| NATIONAL PRESTO INDUSTRIES, INC., | : | | |
| | : | | |
| | : | Before: | Nicholas Tsoucalas, |
| Plaintiff, | : | | Senior Judge |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED STATES, | : | | |
| | : | | Court No. 07-00245 |
| Defendant. | : | | |
| | : | | |

[Granting Plaintiff's Motion for Summary Judgment. Denying Defendant's Cross Motion for Summary Judgment.]

Dated: July 18, 2011

_Stein Shostak Shostak Pollack & O'Hara, LLP_, (_S. Richard Shostak_ and _Mandy A. Edwards_), for National Presto Industries, Inc., Plaintiff.

_Tony West_, Assistant Attorney General; _Barbara S. Williams_, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (_Alexander J. Vanderweide_); Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, _Beth Brotman_, Of Counsel, for United States, Defendant.

## OPINION

**Tsoucalas, Senior Judge:** Plaintiff, National Presto Industries, Inc. ("Presto") brings this action to contest the classification of its merchandise under the Harmonized Tariff Schedule of the United States ("HTSUS") 8479 arguing that the goods

should be classified under HTSUS 8441.  The United States Bureau of

Customs and Border Protection (the "Government" or "CBP"), however,

contends that the subject goods were correctly classified under

HTSUS 8479.  This action is currently before the Court on cross

motions for summary judgment pursuant to Unites States Court  of

International Trade ("USCIT") Rule 56.  Jurisdiction is pursuant to

28 U.S.C. § 1581(a) (2006).  For the reasons set forth below, the

Court finds that no genuine issues of material fact remain and

Presto is entitled to judgment as a matter of law.


## BACKGROUND

### The Subject Goods and Procedural History

The merchandise, a diaper making machine, was imported into

the United States on or about May 13, 2005 at Newark, NJ with Entry

No. 112-9650819-5.  Statement of Material Facts as to Which the

Moving Party Contends There is No Genuine Issue to be Tried

("Uncontested Facts") at 1.[1]  Upon liquidation on July 7, 2006, CBP

classified the merchandise under HTSUS 8479.89.9897 which provides

as follows:


**8479** Machines and mechanical appliances having individual

functions, not specified or included elsewhere in this

---

[1] All references to Uncontested Facts are facts to which
both parties agree.

chapter; parts thereof (con.):

    Other machines and mechanical appliances (con.):

                *       *       *

8479.89        Other (con.):

                *       *       *

8479.89.98     Other.............................2.5%

                *       *       *

8479.89.9897   Other


In October, 2006 Presto filed a protest asserting that the proper classification of the merchandise is HTSUS 8441.80.0000, which provides:

    8441      Other machinery for making up paper pulp, paper or paperboard, including cutting machines of all kinds, and parts thereof:

                *       *       *

    8441.80.0000  Other machinery ...................Free


After their protest was denied on January 12, 2007, Presto filed a timely summons and complaint.  All liquidated duties, charges and exactions for the subject entry were paid prior to the commencement of this action.  See Uncontested Facts at 2.

## LEGAL STANDARD

Pursuant to USCIT Rule 56, summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v.</u> <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In classification cases, summary judgment is appropriate when "there is no genuine dispute as to the underlying factual issue of exactly what the merchandise is." <u>Ero Indus., Inc. v. United States</u>, 24 CIT 1175, 1179, 118 F. Supp. 2d 1356, 1359 (2000).

The Court reviews classification cases <u>de novo</u>, pursuant to 28 U.S.C. § 2640(a).  It is ultimately the Court's duty to determine the correct classification.  <u>See</u> <u>Jarvis Clark Co. v. United States</u>, 733 F.2d 873, 876 (Fed. Cir. 1984).  In order to do so, the Court applies a two-step analysis whereby it (1) ascertains the proper meaning of the specific terms in the tariff provisions; and then (2) determines whether the merchandise comes within the description of such terms as construed.  <u>See</u> <u>Global Sourcing Group v. United States</u>, 33 CIT __, __, 611 F. Supp. 2d 1367, 1371 (2009); <u>Pillowtex Corp. v. United States</u>, 171 F.3d 1370, 1373 (Fed. Cir. 1999).  The first step of the analysis is a question of law and the second is a question of fact.  <u>See</u> <u>Pillowtex Corp.</u>, 171 F.3d at 1373.

"It is a general rule of statutory construction that where
Congress has clearly stated its intent in the language of a
statute, a court should not inquire further into the meaning of the
statute." Id. "Absent contrary legislative intent, HTSUS terms
are construed according to their common and commercial meanings,
which are presumed to be the same." Phototenetics, Inc. v. United
States, 33 CIT __, __, 659 F. Supp. 2d 1317, 1322 (2009) (quoting
Simod Am. Corp. v. United States, 872 F.2d 1572, 1576 (Fed. Cir.
1989)). The Court may also rely on its "own understanding of the
terms used" and "consult lexicographic and scientific authorities,
dictionaries, and other reliable information sources."
Phototenetics, 33 CIT at __, 659 F. Supp. 2d at 1322 (quoting
Baxter Healthcare Corp. v. United States, 182 F.3d 1333, 1337-38
(Fed. Cir. 1999)).

Here, the parties have agreed that the merchandise is an adult
diaper making machine, Model AT-300. See Uncontested Facts at 2.
Therefore, the only remaining question is the proper scope of the
relevant classification provisions of the HTSUS, which is a
question of law. Accordingly, a grant of summary judgment for
either side, based on the pleadings and supporting documents, is
appropriate.

## ANALYSIS

A classification analysis utilizes the General Rules of Interpretation ("GRI") and commences with GRI 1. <u>Len-Ron Manufacturing Co., Inc. v. United States</u>, 334 F. 3d 1304, 1308 (Fed. Cir. 2003). GRI 1 provides that classification shall be "according to the terms of the headings and any relative section or chapter notes . . . ." Gen. R. Interp. 1, HTSUS. As such, the terms of the headings and any relative section or chapter notes are paramount. This classification analysis necessarily begins by examining the separate language of the headings of HTSUS 8441 and HTSUS 8479 to determine whether the subject goods are prima facie classified under either.

Presto contends that the subject merchandise is classifiable under HTSUS 8441 because it produces articles of paper pulp and that the Government has previously determined that diapers are classified as a paper pulp article. As such, relying on what the diaper machine produces, Presto argues that HTSUS 8441 specifically describes the subject merchandise. Presto also notes that HTSUS 8479 is a basket provision and since HTSUS 8441 more accurately describes the subject merchandise, there is no reason to resort to the basket provision. <u>See</u> Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment at 7-8.

The Government, however, contends that the classification of the diapers should not determine the classification of the machine itself.   The Court agrees with Presto that there is utility in scrutinizing what kind of articles the subject merchandise produces because the heading of HTSUS 8441 specifically instructs the reader to inquire.   That provision identifies machinery falling under that heading as machinery "for making up paper pulp, paper or paperboard . . . ."   HTSUS 8441.

Moreover, the Explanatory Notes ("ENs") of HTSUS 8441 specifically state that "[t]his heading covers all machinery used for cutting, and . . . those for the manufacture of various made up articles."   Explanatory Notes, Section XVI, Chapter 84.41.   Since the diapers could be "made up articles" within the meaning of this EN, inquiry into whether or not these diapers are paper pulp products is not unreasonable.

Presto cites custom decisions where diapers were classified as paper pulp products because it was the paper pulp which gave the diapers their essential character despite their containing materials other than paper pulp.   "The role of the paper pulp, in contrast to the other components, . . . is fundamental to the functioning of the merchandise. . . . [T]he diaper/training pants cannot function without the paper pulp."   HQ 965891 (Nov. 6, 2002).

In addition, Presto also refers to the North American Industry Classification System where disposable diapers are defined within the paper manufacturing chapter stating that there are U.S. industries who are "primarily engaged in converting purchased sanitary paper stock . . . into sanitary paper products, such as . . . disposable diapers . . . ." Executive Office of the President, Office of Mgmt. & Budget, North American Industry Classification System, United States, 2002 p. 293 (2002).

Lastly, the ENs of HTSUS 8441 make clear that the machines classified thereunder include machines for making up paper pulp for "various made up articles." Explanatory Notes, Section XVI, Chapter 84.41. "Although the ENs are not legally binding or dispositive, they may be consulted for guidance and are generally indicative of the proper interpretation of the various HTSUS provisions." Avenues In Leather, Inc. v. United States, 423 F.3d 1326, 1334 (Fed. Cir 2005). It is appropriate to rely on this EN, especially since the text is unambiguous and there are no persuasive reasons to disregard it. Drygel, Inc. v. United States, 541 F.3d 1129, 1134 (Fed. Cir. 2008). Since the subject merchandise produces articles made up of paper pulp, it follows that the subject merchandise is prima facie classifiable under HTSUS 8441.80.0000.

     The Government contends the subject merchandise is more aptly
classified under HTSUS 8479 because no other heading covers it by
reference.  They suggest that paper pulp is only part of the diaper
composition  and,  therefore,  not  controlling  of  the  subject
merchandise' classification.   In support  of  its position,  the
Government cites a 1995 customs ruling on the classification of a
sanitary napkin making machine which classified the merchandise
under HTSUS 8479.89.95.  For the following reasons, that ruling is
not  applicable  here.   First,  the  ruling  summarily  dismisses,
without any legal analysis, the prima facie classification of the
merchandise  under  HTSUS  stating  that  "machines  which  make  up
plastic and nonwovens, in addition to pulp, paper or paperboard,
are not classifiable under heading 8441, HTSUS."  HQ 957161 (April
24, 1995).  Second, the ruling ignores the fact that HTSUS 8441
specifically requires an inquiry into the type of product being
manufactured.  Third, unlike here where the parties agree that the
principal function of the subject merchandise is to produce adult
diapers, this ruling stated "[they] are unable to determine the
function  which  is  considered  the  principal  function  of  the
machine."  Id.    Lastly,  the  ENs  to  HTSUS  8479  require
classification therein be limited to merchandise which can't be
classified  under  any  other  heading  which  references  their  use,
their method of functioning or the industry in which it operates.
See Explanatory Notes, Section XVI, Chapter 84.79.  That is not the

case herein where HTSUS 8441 does reference use and the industry in which it is employed.

HTSUS 8441.80.0000 more specifically provides for the subject merchandise classification than the basket provision of HTSUS 8479.89.9897. The Government's position does not take into account that: "A machine which is used for more than one purpose is, for the purposes of classification, to be treated as if its principal purpose were its sole purpose." HTSUS, Chapter 84, Note 7; see also Fuji America Corp. v. United States, 519 F.3d 1355, 1358 (Fed. Cir. 2008).

Since both parties agree that the product produced by the subject merchandise is an adult diaper and diapers have been consistently found to be paper pulp products, it follows that the subject merchandise, which makes this article, is other machinery for the "manufacture of various made up articles." As such, under a GRI 1 analysis, the subject merchandise is prima facie classifiable under HTSUS 8441.80.0000. The Government's contention that the subject merchandise should be classified under the basket provision of HTSUS 8479.89.9897 is not persuasive. Those provisions are "intended as a broad catch-all to encompass the classification of articles for which there is no more specifically applicable subheading." EM Industries, Inc. v. United States, 22

Court No. 07-00245                                    Page 11

CIT 156, 165, 999 F. Supp. 1473, 1480 (1998).    HTSUS 8479,

specifically states that merchandise can only be classified within

that basket provision if "not specified or included elsewhere in

this chapter."    Since the subject merchandise is prima facie

classifiable under HTSUS 8441, it cannot be simultaneously

classifiable under HTSUS 8479.


                            CONCLUSION

     Therefore, HTSUS 8441.80.0000 prevails over HTSUS 8479.89.9897

and is the appropriate classification for the subject goods.    For

the foregoing reasons, Presto's Motion for Summary Judgment is

granted and the Government's Cross Motion for Summary Judgment is

denied.    The merchandise at issue is properly classified under

HTSUS 8441.80.0000.    Judgment will be entered accordingly.




                              ____/s/ Nicholas Tsoucalas_____
                                   NICHOLAS TSOUCALAS
                                     SENIOR JUDGE



Dated:     July 18, 2011
           New York, New York

Slip Op. 11-84

## UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |   |   |
|---|---|---|---|
| NATIONAL PRESTO INDUSTRIES, INC., | : | | |
| | : | | |
| | : Before: | Nicholas Tsoucalas, | |
| Plaintiff, | : | Senior Judge | |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED STATES, | : | | |
| | : | Court No. 07-00245 | |
| Defendant. | : | | |
| | : | | |

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that plaintiff's motion for summary judgment pursuant to USCIT R. 56 is granted; and it is further

**ORDERED** that defendant reliquidate the subject goods under subheading 8441.80.0000, HTSUS, and refund to plaintiff any excess duties paid, together with interest thereon as provided by law; and it is further

**ORDERED** that defendant's cross-motion for summary judgment is denied.

/s/ Nicholas Tsoucalas
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     July 18, 2011
           New York, New York